Molly Bartholow
Bartholow & Bartholow
TX Bar No. 01841000
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Phone/fax: 972-739-5255
ATTORNEY FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: James Eugene Riggert | § | |
| | § | Case No. 08-30331-7 |
| Debtor | § | Chapter 7 |

_____

| | | |
|---|---|---|
| THE CADLE COMPANY | § | |
| Plaintiff | § | |
| v | § | Adv. Proc. No. 08-03165 |
| | § | |
| | § | |
| JAMES RIGGERT | § | |
| Defendant | § | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Now comes James Riggert, Defendant and objects to the Plaintiff's motion for leave to amend the Complaint as follows:

1. Plaintiff's proposed amended complaint inserts causes of action based on newly alleged facts and supposed misrepresentations that were known to the Plaintiff prior to the filing of the original complaint and are now time barred.

2. Complaints pursuant to 11 USC 727 are subject to Rule 4004 and 9006 time limitations. In this case, this Court granted Plaintiff a 60 day extension of time to file its initial complaint herein. The initial complaint was filed within the time

permitted by this Court's extension.

3. Plaintiff had taken Defendant's post judgment deposition numerous times over the last 20 years. Plaintiff took Defendant's wife's deposition within the 60 day extension to file the initial objection to discharge complaint.

4. Nevertheless, Plaintiff did not raise many of the additional "facts" or alleged misrepresentations that are newly alleged in the Amended Complaint attached to Plaintiff's Motion for Leave to Amend.

5. The only transaction that was the subject of the initial Complaint was the refinancing of the Defendant's home in June 2007. The refinancing transaction was disclosed to Plaintiff by Defendant pursuant to post judgment deposition on or about July 26, 2007.

6. To the extent that the Amended Complaint interjects new transactions, facts or allegations that Plaintiff states are a basis for objection to discharge pursuant to 11 USC 727, those new allegations are time barred as not brought within the time set out in Rule 4004 or by the extension of time allowed by this Court pursuant to Rule 9006. Accordingly, all such new allegations must be struck and leave should not be granted to amend the initial Complaint.

7. Specifically, the last three sentences in the proposed Amended Complaint paragraph 5 relate to an alleged transaction in December, 2005. Nowhere in the initial Complaint was the 2005 transaction raised. The last three sentences of paragraph 5 should be struck as not timely.

8. Although Defendant does not deny that he gave a post judgment deposition in July 2007 as stated in Paragraph 7 of the proposed Amended Complaint, the remainder of the paragraph relates to documents that were required to be produced at the deposition. No allegations in the initial Complaint related to

documents that were or were not provided by Defendant or requested by Plaintiff at the July 2007 deposition.  Consequently, any allegations based on documents that should have been produced at the July 2007 deposition should be struck as not timely.

9. At paragraph 8 of the proposed Amended Complaint, Plaintiff references a post petition deposit into Defendant's spouse's bank account.  No post petition transfers among were alleged in the initial complaint.    Further, post petition transfers between spouses are not subject of 727 grounds for denial of discharge as a matter of law.  Paragraph 8 of the proposed Amended Complaint should be struck as not timely.

10. At paragraph 9 of the proposed Amended Complaint, the Plaintiff alleges for the first time that a statement   in the Home Refinancing Agreement was not correct and makes further allegations not contained in the initial complaint paragraph 5.  Since Plaintiff asserts in paragraph 10 that it has had a copy of the Home Refinancing Agreement since November 9, 2007, it has had ample time to consider the possible causes of action, if any, arising from that document or the events surrounding that document.  Paragraph 9 of the proposed Amended Complaint should be struck as not timely and the allegations of paragraph 5 from the initial complaint should be substituted.

11. At paragraph 10 of the proposed Amended Complaint, Plaintiff asserts in the second sentence allegations that were not part of the initial complaint relating to pre petition mortgage payments.  Allegations regarding the payment of Defendant's mortgage for the months preceding this bankruptcy case should be struck as untimely.

12. At paragraph 12, the only representation previously made in the initial Complaint is in subparagraph a.  All representations in subparagraphs 12 b-f are new allegations that were not timely made.  All representations in subparagraph 12 b-f

were known to Plaintiff prior to the filing of the initial complaint but not raised. Consequently, the allegations in paragraph 12 b-f should be struck as not timely raised.

13. The causes of action alleged in the initial complaint and in the proposed Amended Complaint in Count One through Five are identical.

14. The United States Supreme Court addressed the issue of amended complaints on discharge complaints in its opinion in *Kontrick v. Ryan*, 540 US 443 (2004). That case held that the Defendant had to object to the timeliness of the allegations in an Amended Complaint relating to discharge objection when the Amended Complaint is requested to be filed by Motion for Leave to Amend. If no objection is raised by Defendant, the objection is waived. In *Kontrick*, the Supreme Court found that the allegations in the amended complaint were time barred but the Defendant had "forfeited" the affirmative defense because he waited until after the trial court had ruled on a summary judgment to ask that Rule 4004 and 9006 be applied.

15. The Plaintiff should not be allowed to expand its complaint or claims against the Defendant beyond the allegations contained in paragraph 5 of the initial complaint since that paragraph is the only paragraph in the initial complaint that set out any factual allegations upon which the objection to discharge could be based. Any additional claims or alleged facts are new to the proposed Amended Complaint and should be struck as not timely raised.

WHEREFORE, PREMISES CONSIDERED, Defendant, James Riggert, prays that upon consideration that this Court deny Plaintiff leave to Amend its Complaint and for all such other and further relief to which the Defendant may be entitled in law or equity.

Respectfully submitted


/s/ Molly Bartholow

Bartholow & Bartholow
TX Bar No. 01841000
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Phone/fax:  972-739-5255
ATTORNEY FOR DEFENDANT


CERTIFICATE OF SERVICE


I have served a copy of this Opposition to Plaintiff's motion for leave to amend the Complaint on counsel for The Cadle Company, Ernest Laun by ecf on 11/16/08.


/s/ Molly Bartholow