Molly Bartholow
Bartholow & Bartholow
TX Bar No. 01841000
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Phone/fax: 972-739-5255
ATTORNEY FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: James Eugene Riggert | § § | Case No. 08-30331-7 |
| Debtor | § | Chapter 7 |

_____

| | | |
|---|---|---|
| THE CADLE COMPANY | § | |
| Plaintiff | § | |
| v | § | Adv. Proc. No. 08-03165 |
| | § § | |
| JAMES RIGGERT | § | |
| Defendant | § | |

DEFENDANT'S BRIEF IN SUPPORT OF
OBJECTION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT

Now comes James Riggert, Defendant and objects to the Plaintiff's motion for leave to amend the Complaint as follows:

The Cadle Company as Movant, should not be allowed to amend their complaint because none of the newly alleged "facts" or "misrepresentations" relate to or relate back to the basis of the original complaint to deny discharge in the stated counts One through Five. The only factual basis for the original complaint was the refinancing of the Debtor's homestead in 2007 and the "Home Refinancing Agreement" that dealt with the cash received by Debtor's spouse from the 2007 home refinancing. Although the wording of the counts One through Five do not change in the proposed amended complaint, new factual allegations of transactions not related to the 2007

home refinancing or the "Home Refinancing Agreement" are made improperly and should not be allowed.

A.  New allegations in the proposed Amended Complaint are not allowable because they do not relate back to the causes of action in the original complaint.

If the new allegations do not relate back to the original complaint, they should not be allowed. *In Re Baggett,* 223 BR 100, 101 (Bankr NDTX 1997). Judge McGuire reviewed three lines of cases in *Baggett*. One line of cases failed to allow any amendments to a complaint for denial of discharge if the request to amend fell outside of the time limits in Rule 4004(a). Another line allowed amendment after the complaint deadline if the facts were not discoverable prior to the deadline. The final line of cases allowed amendments if they related back to the allegations in the original complaint. The Court held that the new cause of action pursuant to 727(a)(3) [failure to maintain records] was allowed to be added by amendment because the Debtor admitted that he had not produced bank records requested. Consequently, the new cause of action related back to the original complaint under 727(a)(6)[failure to obey and order of the Court or to testify]. However, the Court denied the addition of counts and allegations regarding 727(a)(2)(A)[transfer of property within a year with intent] and 727(a)(4)(A)[false oath] because they did not sufficiently relate back to the original complaint.

In his letter brief dated December 11, 2008, Movant requests that it be allowed to insert:

1. a reference to a prior home refinancing in 2004---clearly an independent transaction from the 2007 refinancing.
2. a commission paid in 2005---unrelated to the 2007 refinancing in any way
3. pre payment of home mortgage October , 2007-January 2008---not related to the 2007 home refinancing other than as payments pursuant to the new mortgage.
4. fact that Debtor filed a case without his spouse in January 2008---again, not a fact related to the 2007 refinancing of the home

Movant's letter brief to this Court makes no attempt to explain how the above allegations relate back to the 2007 home refinancing or the "Home Refinancing

Agreement" between Debtor and his spouse other than to allege that the additional allegations purportedly show a pattern or plan to hinder, delay or defraud creditors.

The allegations sought to be added by amendment do not relate back to Count One, failure to schedule the refinancing of the home or "Home Refinancing Agreement", Count Two, failure to schedule transfer of home refinancing proceeds to the spouse, Count Three, failure to schedule a transfer to an insider, Count Four, all of which occurred within a year, or Count Five, request for attorney fees.

The original complaint was a tight, concise request for denial of discharge based on two events----the 2007 home refinancing and the resulting "Home Refinancing Agreement"---and Debtor's alleged failure to properly schedule or disclose those two events. Movant should not be allowed to bring in any additional or extraneous allegations, even if the allegations were true, because they have no relevance to and do not relate back to the original complaint's allegations and counts.

- B. New allegations in the proposed Amended Complaint are not allowable because they were known by Movant due to discovery prior to the Rule 4004(a) deadline as extended

As stated above, Judge McGuire's *Baggett* opinion referred to a line of cases that allowed amendment of discharge complaints after the bar date in Rule 4004(a) if the facts or causes of action were not discoverable prior to the deadline.

Here, the only evidence is that the Movant knew of the refinancing in June 2007 because Movant was paid from the closing, because of disclosure of the refinancing in a July 2007 deposition taken by Movant of the Debtor, disclosure through questioning by counsel for Movant at the meeting of creditors and disclosure in the deposition of the Debtor's spouse. Further, the Movant knew of the "Home Refinancing Agreement" on November 9, 2007 (three months prior to case filing 1/31/08) because Movant was sent a copy by the Debtor.

All of the allegations 1-4 above that Movant wants to add to the complaint were discussed at the two depositions of Debtor and his spouse prior to the extended deadline's elapse. There is no

basis to allow the new allegations. Debtor respectfully disagrees with the statement in Movant's letter agreement that "Plaintiff learned of the additional facts after the bar date."

In Debtor's July 2007 deposition there are multiple page and line references to "refinance" and "refinancing" of "home" or "homestead". The Debtor explained in the July 2007 deposition that his former mortgage company was Option One and the current one was Countrywide. Clearly, both mortgages were disclosed as two of several refinancings of the home.

Debtor's spouse was quizzed on the two homestead refinancings, one in 2004 and the other in 2007, and the "Home Refinancing Agreement" from page 32 to page 49 of her deposition. She was questioned by Movant regarding the 2005 commission her husband received, item 2 above, from page 53 to 55. On page 53 of the spouse's deposition, Movant states that Debtor had told them about the $200,000 commission in a deposition that they took of the Debtor in December, 2005. The mortgage payments for the months immediately preceding the filing of the case were discussed at page 61 of the spouse's deposition. Consequently, all the issues that Movant wants to add in the amendment were discussed in the spouse's deposition prior to the deadline running.

Movant knew about the Countrywide June 2007 refinancing because they were paid $5,000 to partially release their illegal and invalid judgment lien on the Debtor's homestead. See allegations at paragraph 12 (c ) & (d) in the proposed amended Complaint by Movant.

Since Movant knew about all the facts that they want to add by amendment long prior to the deadline, there is no reason to allow them another extension or allow the amendment. There may be some additional facts that were discovered from the Title Company after the deadline passed, but Movant knew of the transaction that generated the commission since 2005 and did not get the information from the Title Company until 2008. That is not the Debtor's fault.

C. Failure to file an objection to discharge prior to the Rule 4004 deadline is fatal if the opposing party raises the affirmative defense.

The United States Supreme Court addressed the issue of amended complaints on discharge complaints in its opinion in *Kontrick v. Ryan*, 540 US 443 (2004). That

case held that the Defendant had to object to the timeliness of the allegations in an Amended Complaint relating to discharge objection when the Amended Complaint is requested to be filed by Motion for Leave to Amend. If no objection is raised by Defendant, the objection is waived. In *Kontrick*, the Supreme Court found that the allegations in the amended complaint were time barred but the Defendant had "forfeited" the affirmative defense because he waited until after the trial court had ruled on a summary judgment to ask that Rule 4004 and 9006 be applied.

The Plaintiff should not be allowed to expand its complaint or claims against the Defendant beyond the allegations contained in paragraph 5 of the initial complaint since that paragraph is the only paragraph in the initial complaint that set out any factual allegations upon which the objection to discharge could be based. Any additional claims or alleged facts are new to the proposed Amended Complaint and should be struck as not timely raised.

## CONCLUSION

Defendant, James Riggert, prays that upon consideration that this Court deny Plaintiff leave to Amend its Complaint and for all such other and further relief to which the Defendant may be entitled in law or equity.

Respectfully submitted

/s/ Molly Bartholow

Bartholow & Bartholow
TX Bar No. 01841000
11300 N. Central Expwy Suite 301
Dallas, TX 75243
Phone/fax: 972-739-5255
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I have served a copy of this Brief in Opposition to Plaintiff's motion for leave to amend the Complaint on counsel for The Cadle Company, Ernest Laun by ecf on 12/11/08.

/s/ Molly Bartholow