Bartholow & Bartholow
Molly Bartholow
TX Bar No. 01841000
11300 N. Central Expwy #301
Dallas, TX 75243
Phone/fax: 972-739-5255
ATTORNEY FOR DEFENDANT

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: James Eugene Riggert | § § § | Case No. 08-30331 |
| Debtor | § | |

---

| | | |
|---|---|---|
| THE CADLE COMPANY | § § | |
| PLAINTIFF | § | |
| V. | § | ADV 08-03165 |
| | § | |
| JAMES EUGENE RIGGERT | § § | |
| | § | |
| DEFENDANT | § | |
| | § | trial date: week of February 17, 2009 |

DEFENDANT'S MOTION TO STRIKE EXHIBITS AND WITNESS, NATE SVETTE, PRETRIAL ORDER, PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, DEFENDANT'S OBJECTIONS TO EXHIBITS, AND DEFENDANT'S REQUEST FOR SANCTIONS PURSUANT TO RULE 26 AND SCHEDULING ORDER ENTERED OCTOBER 16, 2008; OR IN THE ALTERNATIVE, MOTION FOR CONTINUANCE

Now comes James Riggert, Defendant and Counter-Plaintiff, and would show the court as follows:

A. <u>Facts</u>
   1. This adversary proceeding was filed June 19, 2008. Defendant responded and filed a counter claim on July 25, 2008.
   2. On October 16, 2008, this Court entered a scheduling order setting out Docket Call February 8,2009 and trial on the week of February 17, 2009. The Order also required that the return on the Summons be filed with the Court and disclosures pursuant to Rule 7026 by October 26, 2008.
   3. Plaintiff did not make the Rule 7026 disclosures.
   4. Prior to filing this adversary, Plaintiff had obtained production of documents and taken the deposition of Defendant and Defendant's wife. Defendant's Rule 7026 disclosures had been made at the depositions.
   5. The Plaintiff's exhibit and witness list was filed February 4, 2009 but the Scheduling Order required that the Exhibits be marked and exchanged with counsel by January 23, 2009.
   6. Although Plaintiff filed an exhibit list on February 4, 2009, the documents listed were not exchanged.
   7. The documents on Plaintiff's exhibit list do not appear to be attached to the Plaintiff's motion for summary judgment or affidavits attached thereto.
   8. Consequently, the documents listed on the exhibit list are new to Defendant and, since they were not exchanged, Defendant has never seen them.
   9. Prior to the motion for summary judgment hearing Defendant inquired if the Plaintiff was preparing a pretrial order and was told that Plaintiff had everything that it intended to produce at trial in the motion for summary judgment and that Plaintiff probably would not go forward with trial if it did not win the motion for summary judgment. The pretrial order was required to be filed February 2, 2009. The hearing on the Motion for Summary Judgment on February 2, 2009, the Court ruled against the Plaintiff.
   10. Plaintiff changed its position on a primary issue of law that has taken Defendant's counsel by surprise.
   11. Plaintiff's position throughout the case and as stated in open court at the motion for summary judgment was that the home equity proceeds from the home refinancing on or about June 30 2007 were exempt. Plaintiff's reversal of its legal position evident for the first time in the findings of fact and conclusions of law is unfair because Defendant has not had time to address and prepare for this issue. Plaintiff should be judicially estopped from changing positions.

B. <u>Motion to Strike</u>

   11. Paragraphs 1-10 are incorporated by this reference.
   12. The Plaintiff's witness and exhibit lists were not timely filed pursuant to the Scheduling Order and, therefore, to the extent that it discloses new exhibits or witnesses, it should be struck.

13. Defendant does not object to Exhibit P-1 [assuming it is "The Agreement" previously described], or P-5 and witnesses James or Lisa Riggert. Defendant objects to all other witnesses and exhibits.
14. Defendant objects to Mr. Laun being a fact witness or expert witness other than for his attorney's fees, if relevant.
15. Defendant objects to Mr. Svette being a witness because he was not disclosed as a witness prior to February 4, 2009.
16. Similarly, the pretrial order submitted by Plaintiff and the findings of fact and conclusions of law were not timely filed pursuant to the Scheduling Order, and present a change in legal position and, consequently, should be struck. Plaintiff is judicially estopped from taking one legal position then changing positions from hearing to hearing—and especially when the change of legal position occurs days before trial.

C. <u>Objections to Exhibits</u>

17. Paragraphs 1-10 are incorporated by this reference.
18. Defendant objects to P-1 if it is not "The Agreement" dated September 4, 2007 previously identified in the Motion for Summary Judgment.
19. Defendant objects to P-2 because Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
20. Defendant objects to P-3 because Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
21. Defendant objects to P-4 because Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
22. Defendant objects to P-6 because Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
23. Defendant objects to P-7 because Plaintiff has not identified the portions of the deposition that it intends to introduce and has not identified which deposition of Mr. Riggert that Plaintiff intends to use.
24. Defendant objects to P-8 because Defendant has not been given a copy of the documents and therefore cannot know what Plaintiff intends to introduce.
25. Defendant objects to P-9 because Plaintiff has not identified the portions of the deposition that it intends to introduce as required by the rules.
26. Defendant objects to P-10 because Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
27. Defendant objects to P-11 Defendant has not been given a copy of the document and therefore cannot know what Plaintiff intends to introduce.
    a. Assuming without knowing that P-11 is the affidavit of Nate Svette filed as document 24, P-11 lacks foundation. Mr. Svette is not capable of testifying to the facts that occurred and documents that were produced by entities other than Cadle Company for whom Mr. Svette says he works. There are no facts alleged to explain Mr. Svette's personal knowledge of the alleged Agreed Judgment or whether any of the documents attached to the affidavit is a true and correct copy. Similarly, Mr. Svette is not capable of testifying about the business

practices or the creation of the assignments prior to the assignment to the Cadle Company.  Nevertheless, Mr. Svette testifies that the all the documents attached to his affidavit were made by the Cadle Company---an impossibility.  The Cadle Company did not make the alleged judgment between Mr. Riggert and Mbank, or any of the assignments between entities not related to the Cadle Company.  Neither were the said documents kept in the course of the regularly conducted activity of the Cadle Company.  Neither are the documents attached to the affidavit exact duplicates of the original documents because many of the documents are stamped diagonally with "Unofficial Document".  Mr. Svette is not an attorney but opines that the Cadle Company is the "owner and holder of the Judgment".  Mr. Svette's affidavit should be struck as untimely and for lack of foundation.
   b. The documents attached to document 24, Svette affidavit, are not authenticated; this document includes:
      i. Business writings not properly authenticated
      ii. Computer records not properly authenticated
      iii. Faxed documents not properly authenticated
   c. Elements of the may discrete documents contained in document 24 assume facts on otherwise in evidence or that could come into evidence because appropriate witnesses are not listed.
   d. Contains statements and/or other documents that are not the best evidence of the facts for which such statements and/or documents are being introduced as proof.
   e. Contains hearsay not within any exception
   f. Testimonial without opportunity for cross examination

28. Defendant objects to document 24 because it is actually a compilation of exhibits, not an individual document or exhibit.  Accordingly, it is not presented in a format that affords Defendant a fair opportunity to individually review and object to the various discrete documents allegedly contained therein. Defendant does not agree or stipulate to the contents of the "Exhibit" and requests that each component thereof be individually identified before trial and subjected to appropriate objections before same is admitted as evidence, if at all.
29. Defendant reserves the right to assert further objections if Plaintiff exchanges the documents.

D.  Motion for Sanctions and to Dismiss

30. Paragraphs 1-10 are incorporated by this reference.
31. The documents and witnesses on Plaintiff's Exhibit and Witness list were not part of a Rule 7026 disclosure.
32. Both Rule 7026 and the Scheduling Order state that sanctions will be imposed for failure to comply.
33. The appropriate sanction in this case is dismissal of the Plaintiff's case.

34. The Cadle Company has not fully disclosed its facts, documents, witnesses or legal theory in the prosecution of its case.
35. Debtors should be given a fair opportunity to defend themselves against loss of their discharge by having the time and disclosure to properly meet the causes of action asserted, documents to be introduced and witnesses to testify. Plaintiff's failure to comply with this Court's orders should result in dismissal.
36. Defendant has consistently asserted that the Cadle Company did not have standing to bring this suit as a creditor. Consequently, from the outset of this adversary case, Plaintiff has been on notice of the challenge to their standing. Nevertheless, the Cadle Company did not provide documentary evidence to support their asserted standing until two business days prior to the Docket Call. Defendant asserts that trial by ambush is exactly what Rule 7026 is supposed to prevent. Every document in Mr. Svette's affidavit, document 24, was available to the Cadle Company but was not provided to Defendant. Whatever documents are on the Plaintiff's exhibit list should have been available to Plaintiff prior to filing this adversary proceeding---but was not shared with Defendant pursuant to Rule 7026.
37. Defendant also requests as sanctions Defendant's attorney's fees for having to defend this adversary proceeding and bring this Motion and objection pursuant to 28 USC 1927.
38. No return of the Summons with Certificate of Service has been filed in the adversary case as ordered in the Scheduling Order.

E. <u>In the alternative, Motion for Continuance</u>

39. Paragraphs 1-10 are incorporated by this reference.
40. If the Court does not dismiss the adversary case, Defendants request a continuance so that they can obtain copies of the documents that Plaintiff intends to introduce, research the new issues of law, and prepare a cogent pre-trial order and brief.
41. Plaintiff does not oppose a continuance to June, 2009.
42. Defendant's counsel's daughter is getting married at the end of April and accordingly is requesting a continuance to June, 2009.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss the adversary and grant Defendant its attorney's fees and costs for having to defend this adversary case and for such other and further relief to which the Defendant may be granted in law or equity.

    Respectfully submitted,
      /s/Molly Bartholow
     Bartholow & Bartholow

Attorney for Defendant

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Defendant's Motion has been served on the parties listed below by mailing a copy of same to them by first class mail or ecf on February 8, 2009.

/s/Molly Bartholow

James Eugene Riggert
6622 Northport
Dallas, TX 75230

The Cadle Company
100 North Street
Newton Falls, OH 44444

Diane Reed, Trustee        by ecf

Ernest Laun               by ecf